# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Joseph G. Rosania, Jr.

| | |
|---|---|
| In re:<br><br>GUNSMOKE, LLC,<br>EIN:  27-0247683<br><br>Debtor. | Case No. 20-14962-JGR<br>Chapter 11, Subchapter V |

## ORDER CONVERTING CASE UNDER CHAPTER 11
## TO CASE UNDER CHAPTER 7

On January 19, 2022, the Court conducted a telephonic hearing on its Order to Show Cause, dated January 13, 2022 (Doc. 269). All parties appeared by telephone. Happy Beavers, LLC, ("Debtor") was represented by its attorneys, Gerald L. Jorgensen and Ashley A. Geary. The Debtor's members, Chee Wei Fong and Richard Weingarten, were present at the hearing. Secured Creditor Great Western Bank ("Bank") appeared through counsel Michael C. Payne. The Bank's representative, Eric Hammer, was present at the hearing. Angry Beavers, LLC, Edward J. Klen, and Stephen J. Klen ("Klens") appeared at the hearing through counsel Ingrid J. DeFranco, Michael J. Roeschenthaler , and Daniel Robert Schimizzi. Edward J. Klen and Stephen J. Klen were also present at the hearing. The Subchapter V Trustee, John Smiley, and the United States Trustee, through counsel Alison Goldenberg, appeared at the hearing.

### I.   Background

The Debtor filed its Voluntary Chapter 11 Petition on July 22, 2020. The Debtor elected to proceed under Subchapter V of Chapter 11 (Doc. 1). Title 11 U.S.C. § 1189(b)—Deadline  requires that: "the debtor shall file a plan no later than 90 days after the order for relief under this chapter, except that the court may extend the period if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable." Accordingly, the Debtor's plan was due Tuesday, October 20, 2020. On October 6, 2020, the Debtor filed a motion to extend the deadline to file a plan under 11 U.S.C. § 1189 for a period of 90 days beyond the deadline, up to and including January 18, 2021, alleging circumstances existed for which the Debtor should not be held accountable to justify the extension of time (Doc. 109). After waiting for the Bank's objection to resolve, on December 2, 2020, the Court granted the motion (Doc. 147). Thereafter, on December 11, 2020, the Debtor filed its plan of reorganization for small business under Chapter 11 (Doc. 151).

In general, the plan provided for payments over a 5-year term with additional moneys being generated through the sale of upstairs condos. Objections to the plan were

filed by all of the Debtor's significant Creditors, Great Western Bank (Doc. 163), Angry Beavers, LLC, Edward J. Klen, and Stephen J. Klen (Doc. 164).

On March 5, 2021, the Court issued an order approving a standstill agreement (Doc. 188). The case was held in abeyance to allow the parties to seek a consensual plan. On July 15, 2021, the parties informed the Court that efforts to reach a consensual plan had fallen through. On July 22, 2021, the Court ordered the Debtor to file an amended plan and any stipulation with Great Western Bank for the continued use of cash colatteral no later than Friday, August 27, 2021 (Doc. 232). On August 27, 2021, the Debtor sought a 60-day extension of time within which to file the amended plan (Doc. 240), which was approved on September 15, 2021 (Doc. 247). On October 22, 2021, a second stipulated motion to continue was filed seeking to extend the time within which to file an amended plan through January 11, 2022 (Doc. 256). The motion was approved on November 9, 2021 (Doc. 259).

On January 11, 2022, the Debtor and Great Western Bank filed their Joint Motions for Orders: (I) Approving Sale of the State Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. § 363; (II) Approving Sale and Notice Procedures for Such Sale; (III) Approving Continuation of Cash Collateral; and (IV) Granting Related Relief (Doc. 263). No amended Chapter 11 plan was filed.

One of the central purposes of Subchapter V is to expedite the plan confirmation process and the Chapter 11 reorganization process.

## II. Arguments of the Parties

At the hearing on January 19, 2022, the Debtor argued it has acted in good faith throughout the Chapter 11 proceeding and, after extensive negotiations with the Bank, determined that the best interest of creditors of the estate would be served through a public auction sale of the ongoing business free and clear of liens, claims, interests, and encumberances, pursuant to 11 U.S.C. § 363(f). The Debtor did not directly reference circumstances for which it should not justly be held accountable for the failure to timely file a plan of reorganization or liquidation. Rather, Debtor argued the proposed sale was a prerequisite to the filing of an amended plan.

The Subchapter V Trustee, John Smiley, argued that the Debtor failed to timely file an amended plan. He outlined initial efforts taken to negotiate a consensual plan and, that in his opinion, given the positions of the parties, consensus on a plan could not be reached. He stated a confirmable amended plan could not be filed. He argued dismissal or conversion was warranted under the facts of this case. He argued conversion, as opposed to dismissal, would better serve creditors and parties in interest as some ability to pay administrative expenses would be preserved.

Counsel for the United States Trustee, Alison Goldenberg, agreed dismissal or conversion of the case was appropriate as a confirmable amended plan could not be filed and commented she had rarely seen a case accompanied by so much acrimony between the parties. She echoed that conversion of the case may be more suitable under the circumstances.

2

The Bank conveyed its preference that the case be allowed to proceed in Chapter 11 to effectuate a sale free and clear of liens under 11 U.S.C. § 363(f), but acknowledged that sale could occur under Chapter 7 as well. The Bank submitted that it was undersecured but a sale could potentially result in a greater return than a foreclosure if potential bidders materialized.

The Klens focused on the statutory language of 11 U.S.C. § 1189(b), which provides "the debtor shall file a plan not later than 90 days after the order for relief under this chapter, except that the court may extend the period if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable." They argued the need for negotiation and the existence of litigation are not circumstances for which the debtor should not justly be held accountable. They further argued that if the Bank is undersecured, dismissal as opposed to conversion, is appropriate as excess funds would not be generated for other creditors of the estate, including Chapter 11 administrative claimants. They argued, absent dismissal, conversion was preferrable to allowing the case to continue in Chapter 11.

### III. Analysis

The Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 1334, 157(a), and 157(b)(2)(O).

11 U.S.C. § 1189(b) allows courts to extend the 90 day deadline for the filing of a plan if the need for extension is attributable to circumstances for which the debtor should not justly be held accountable. The statutory text does not require a motion for extension of time to be filed prior to the expiration of the original deadline. The deadline is less stringent than the deadline for non-Subchapter V small business cases, established under 11 U.S.C. § 1121(e). To obtain an extension of time to file a plan for a non-Subchapter V small business, the debtor must, prior to the expiration of the existing deadline, demonstrate by a preponderance of the evidence that it is more likely than not that the Court will confirm a plan within a reasonable amount of timeThe majority of cases addressing extensions of time under 11 U.S.C. § 1189(b) involve situations where a case is converted to a Subchapter V case after the expiration of the original deadline under 11 U.S.C. § 1189(a). *See, e.g., In re Baker* 625 B.R. 27 (Bankr. S. D. TX. 2020) (extension of time warranted where the filing of governmental proofs of claim was set by the court and outside the control of debtor); *In re Trepetin* 617 B.R. 841 (Bankr. D. MD. 2020) (extension of time granted when prompt request to convert was filed in a pending Chapter 7 case that was filed prior to the enactment of SBRA); *In re Ventura* 615 B.R. 1 (Bankr. E. D. NY. 2020) (court found that it was within its discretion to reset the 1188 and 1189 deadlines to allow the debtor to avail herself of the newly enacted SBRA); *but see, In re Wetter* 620 B.R. 243 (Bankr. W. D. VA. 2020) (court declined to grant extension where debtor played "fast and loose with the facts" in the converted Chapter 7 case); *In re Seven Stars on the Hudson Corp.* 618 B.R. 333 (Bankr. S. D. FL. 2020) (extension denied where debtor voluntarily converted to avoid payment of amount due in connection with the assumption of a lease payable on the effective date of a previously confirmed Chapter 11 small business plan).

*In re Online King, LLC* 629 B.R. 340 (Bankr. E. D. NY. 2020) addressed a request for extension of time to file a plan under 11 U.S.C. § 1189(b) in a case originally filed

under Subchapter V. The court found that failure to timely file a plan could constitute cause for dismissal under 11 U.S.C. § 1112(b)(4)(J). However, the failure could be remedied by obtaining an extension of the 90 day deadline to file a plan on a showing that "the need for the extension is attributable to circumstances for which the debtor should not justly be held responsible." *Id*. at 349 (citations omitted). The debtor argued that grounds existed for which it should not be justly held responsible, including (1) the amount of work entailed in negotiating and proposing a plan, (2) the intervening religious holidays which prevented work, (3) the competing demands upon debtor's advisors and personnel, and (4) the inherent issues faced because of the pandemic. *Id.* at 351. While the court determined the 90 day deadline for the filing of a plan can be extended, the court ruled that the grounds raised by the debtor were insufficient and not directly related to the need for an extension. The court held that the work entailed in negotiating and proposing a plan and the competing demands on advisors and personnel were unavailing as those factors exist in all Chapter 11 cases. *Id.* The court further held the debtor failed to explain how the intervening religious holidays and the effect of the pandemic resulted in the inability to file a plan before the 90 day deadline. *Id.* at 352.

In the present case, an extension of time to file an amended plan was sought and obtained through January 11, 2022, but the Debtor failed to timely file an amended plan. The Debtor presented no evidence of circumstances beyond its control or circumstances for which it should not be justly held accountable. Under 11 U.S.C. §§ 1112(b)(1) and b(4)(J), the failure to file the amended plan constitutes cause for conversion or dismissal. Conversion or dismissal is also warranted by the failure to timely file accurate operating reports as evidenced by the filing of 17 amended operating reports in the Gunsmoke, LLC bankruptcy on January 18, 2022, the day prior to the hearing on the order to show cause (Case No: 20-14962, Docs. 273-289).

The Debtor, together with Armed Beavers, LLC (Case No: 20-14963), and Gunsmoke, LLC (Case No: 20-14962), operate a business known as Front Range Gun Club. Debtor holds title to the real property. Gunsmoke, LLC operates the business, is a wholly owned subsidiary of Armed Beavers, LLC, and leases the business premises from Debtor. All of the business income is generated through Gunsmoke, LLC.

The cumulative profit and loss statements included in the amended operating reports for Gunsmoke, LLC reflect a total post-petition net loss of -$283,086.86. The profit and loss statements reflect that Gunsmoke only reported positive net income in the months of September 2020 ($31,906.35); November 2020 ($17,441.84); and March 2021 ($7,536.49). The other 15 operating reports for Gunsmoke, LLC reflect net losses.

Further, the Debtor's members concede that they no longer wish to operate the business, and the Bank alleges there is no equity in property of the estate over and above its secured claim, so there is no reorganization to effectuate. Additionally, the Court has lost confidence in the Debtor's ability to reorganize.

## IV. Conversion or Dismissal

"When presented with a request for dismissal or conversion under Section 1112(b), case law and congressional intent make it clear that a bankruptcy court has broad discretion to either grant or deny such relief. The Tenth Circuit has stated in unequivocal

terms that a bankruptcy court is to be afforded broad discretion under Section 1112(b)." *In re Western Pac. Airlines*, 218 B.R. 590, 593-94 (Bankr. D. Colo. 1998) (citing *Small Business Admin. v. Preferred Door Co., Inc.,* (*In re Preferred Door Co., Inc.*) 990 F.2d 547, 549 (10th Cir. 1993)).

In pertinent part, 11 U.S.C. § 1112(b)(1) provides, " . . . on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interest of creditors of the estate, for cause . . . ". The Debtor's inability to timely file an amended plan of reorganization (or liquidation) constitutes cause for conversion or dismissal. The profit and loss statements contained in the amended Gunsmoke, LLC operating reports establish a continuing loss to or dimunition of the estate and the absence of a reasonable likelihood of rehabilitation under 11 U.S.C. § 1112(b)(4)(A).

Both the United States Trustee and the Subchapter V Trustee argue conversion is in the best interest of creditors of the estate. The Monthly Operating Report for Small Business Under Chapter 11 for December 2021, filed on January 18, 2022 by Happy Beavers, LLC, reflects cash on hand at the end of the month in the amount of $71,147.87 (Case No: 20-14853, Doc. 306). The Monthly Operating Report for Small Business Under Chapter 11 for December 2021, filed on January 18, 2022 by Gunsmoke, LLC, reflects cash on hand at the end of the month in the amount of $110,315.39 (Case No: 20-14962, Doc. 290). The Monthly Operating Report for Small Business Under Chapter 11 for December 2021, filed on January 18, 2022 by Armed Beavers, LLC, reflects cash on hand at the end of the month in the amount of $1,539.01 (Case No: 20-14963, Doc. 269). The United States Trustee and the Subchapter V Trustee argue that a potential exists for the payment of allowed administrative expenses if the cases are converted as opposed to being dismissed.

The Klens argue dismissal of the case is in the best interest of creditors. They argue, if the Bank is correct in its position that the value of the property of the estate is not sufficient to pay its secured claim in full, no benefit would be derived by conversion as no funds would be generated through liquidation for other creditors. The Court notes that the Klens are parties to subordination agreements with the Bank, which expressly preclude the payment of any amounts on their respective claims, unless and until the Bank is paid in full. The Court expresses no opinion on whether continued operation of the business is warranted, but notes a Chapter 7 Trustee exercising sound business judgment can seek authorization to continue operation of the business under 11 U.S.C. § 704(a)(8).

On September 16, 2020, an adversary proceeding styled *Gunsmoke, LLC, Happy Beavers, LLC, and Armed Beavers, LLC v. Angry Beavers, LLC, Edward J. Klen, and Stephen J. Klen* Adversary Proceeding No: 20-01262 was filed. The Complaint brought six claims for relief against the Klens: (1) negligent representation, (2) false representation, (3) non-disclosure or concealment, (4) fraud in the inducement to contract, (5) breach of the implied duty of good faith, and (6) unjust enrichment (Case No: 20-01262, Doc. 1). On October 16, the Klens filed a Motion to Dismiss Adversary Proceeding (Case No: 20-01262, Doc. 8) and a Motion for Withdrawal of Reference (Case No: 20-01262, Doc. 9). On September 29, 2021, United States Chief Judge Philip A. Brimmer entered an order partially withdrawing the automatic reference pursuant to 28

U.S.C. § 157(d) to consider dispositive motions, conduct the final trial preparation conference, trial, and consider all pre-trial matters. All other matters, including discovery matters, were referred to the bankruptcy court. The Klens' motion to dismiss was denied and the order specifically found that jurisdiction over the claims asserted in the adversary proceeding are non-core claims that are related to the bankruptcy proceeding (Case No: 20-cv-03450-PAB, Doc. 17).

At the hearing on the order to show cause, the Klens avoided discussing the effect that dismissal of the bankruptcy cases would have on the adversary proceeding. Dismissal of the cases would deprive the District Court of jurisdiction to resolve the claims brought in the adversary proceeding. Conversion, on the other hand, would allow a Chapter 7 Trustee to independently evaluate the claims and determine whether continued prosecution of the adversary proceeding is warranted. The Court finds that the potential payment of administrative expenses and preservation of the claims for relief brought in the adversary proceeding weigh in favor of conversion.

While the Bank submitted its best interests would be served by a sale of property of the estate free and clear of liens, it acknowledged that such a sale could be conducted under Chapter 7 of the Bankruptcy Code.

## V. CONCLUSION

For the reasons set forth above, the Court finds cause exists for conversion or dismissal of the case. The Court finds conversion, as opposed to dismissal, is in the best interest of the creditors of the bankruptcy estate. Accordingly, it is

ORDERED:

1. This Chapter 11 case is converted to a case under Chapter 7.

2. The United States Trustee is authorized appoint a Chapter 7 Trustee to administer the estate.

3. The Debtor in possession shall:

    a. forthwith turn over to the Chapter 7 Trustee all records and property of the estate in its possession or control as required by Fed.R.Bankr.P. 1019(4);

    b. within 14 days of the date of entry of this order, file a schedule of all unpaid debts incurred after the commencement of the Chapter 11 case, including the name and address of each creditor, as required by Fed.R.Bankr.P. 1019(5)(A)(i);

    c. within 30 days following the entry of the order of conversion, file and transmit to the United States Trustee a final report and account, as required by Fed.R.Bankr.P. 1019(5)(A)(ii).

4. Within 15 days of the date of entry of this order, the Debtor in possession shall file the statements and schedules required by Fed.R.Bankr.P. 1019(1)(A) and 1007(b), if such documents have not already been filed. It is

FURTHER ORDERED that the Debtor, and its agents, employees, and attorneys are herein enjoined from taking any action with respect to any assets or records of the Debtor, save and except to preserve the same and to forthwith turn over the same to the Chapter 7 trustee appointed herein pursuant to Fed.R.Bankr.P. 1019(4).

DATED this 1st day of February, 2022.

BY THE COURT:

_____
Joseph G. Rosania, Jr.
United States Bankruptcy Judge